UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE ALBERTO EK-LUNA,           No. C 09-726 MHP (pr)

    Petitioner,           **ORDER TO SHOW CAUSE**

v.

DERRAL G. ADAMS,

    Respondent.
                                        /

**INTRODUCTION**

    Jorge Alberto Ek-Luna, currently incarcerated at Corcoran State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court for consideration.

**BACKGROUND**

    According to the habeas petition, Ek-Luna was convicted in Marin County Superior Court of forcible rape, kidnapping, committing a lewd act with a child, robbery, threatening a witness, assault by force or deadly weapon, giving false information to police, and damaging a wireless device. Numerous sentence enhancement allegations were found true. On February 22, 2007, he was sentenced to 29 years to life in prison.

    Ek-Luna appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the kidnapping conviction and one-strike kidnapping findings were unsupported by substantial evidence, denying Ek-Luna due process of law; (2) the admission of evidence regarding rape trauma syndrome denied Ek-Luna his rights to due process and to confront his accuser, (3) the court's response to the jury question about weapon use denied Ek-Luna his rights to due process and to a jury determination of all issues, (4) the instructions on one-strike kidnapping denied Ek-Luna his rights to due process and to a jury determination on all issues, (5) California law defining the asportation element of simple and aggravated kidnapping, and the elements required to distinguish between them, are unconstitutionally vague and denied Ek-Luna his rights to due process and equal protection of the law, (6) use of the CALCRIM No. 1192 jury instruction violated due process, (7) the reasonable doubt and related jury instructions violated due process and the right to have a jury determine all issues beyond a reasonable doubt, (8) the use of the CALCRIM No. 376 jury instruction violated due process, (9) cumulative error, (10) the 25-to-life sentence on the one-strike kidnapping conviction deprived Ek-Luna of due process and equal protection of the law. Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

Ek-Luna has moved for appointment of counsel. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so

require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See id.   The interests of justice do not require appointment of counsel in this action.  It appears from the petition that all the claims presented therein, including the specific federal constitutional provisions implicated, were briefed in the state court appeal when petitioner was represented by counsel.  He might be in need of a translator, but translation services are usually available from other prisoners or staff at the prison, and the need for a translator is not cause for appointment of counsel.  The motion for appointment of counsel is DENIED.  (Docket # 3.)

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **August 21, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 25, 2009**.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's <u>in forma pauperis</u> application is GRANTED. (Docket # 2.)

7. Petitioner's motion to appoint counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

DATED: June 10, 2009

_____
Marilyn Hall Patel
United States District Judge